UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HTC CORPORATION<br>23 Xinghua Rd., Taoyuan 330<br>Taiwan, R.O.C.<br><br>and<br><br>HTC AMERICA, INC.,<br>13920 SE Eastgate Way, Suite 400<br>Bellevue, WA 98005, U.S.A.;<br><br>        Plaintiffs,<br><br>  v.<br><br>MARCO LUZZATTO,<br>33 Betzalel Street<br>Tel-Aviv, Israel 64683<br><br>and<br><br>YOZMOT 33 LTD.,<br>15 Abba Hillel Street<br>Ramat-Gan, Israel 52522,<br><br>        Defendants. | Civil Action No: 1:09-cv-00118 ESH |

**SECOND AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT AND DEMAND FOR JURY TRIAL**

For their Second Amended Complaint, Plaintiffs, HTC Corporation and HTC America, Inc. (collectively, "HTC"), allege as follows:

**THE PARTIES**

1. Plaintiff HTC Corporation is a Taiwanese corporation with its principal place of business at 23 Xinghua Rd., Taoyuan 330, Taiwan, R.O.C.

2. Plaintiff HTC America, Inc. is a Texas corporation with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, WA 98005, U.S.A.

3. On information and belief, Defendant Marco Luzzatto ("Luzzatto") is an Israeli citizen with his principal place of business and/or residence at 33 Betzalel Street, Tel-Aviv, Israel 64683.

4. Upon information and belief, Defendant Yozmot 33 Ltd. ("Yozmot") is an Israeli corporation with its principle place of business at 15 Abaa Hillel Street, Ramat-Gan, Israel 52522.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 101, et seq. In this action, HTC seeks a declaratory judgment that U.S. Patent No. 6,449,359 (the "'359 Patent") is invalid. Upon information and belief, the '359 Patent was issued to Luzzatto in September 2002. Upon information and belief, Luzzatto assigned the patent to Yozmot on December 31, 2008. Both Luzzatto and Yozmot (collectively "Defendants") are "patentees" under 35 U.S.C. § 100(d).

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2002.

7. This Court has personal jurisdiction over Defendants under 35 U.S.C. § 293. Upon information and belief, neither Luzzatto nor Yozmot reside in the United States. Upon further information and belief, no patentee of the '359 Patent has filed in the U.S. Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the '359 Patent or rights thereunder.

8.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(d) because (a) the property that is the subject of the action is situated in this judicial district; (b) under 35 U.S.C. § 293, Defendants are subject to personal jurisdiction in this judicial district; and (c) upon information and belief, Defendants do not reside in the United States.

## EXISTENCE OF AN ACTUAL CASE OR CONTROVERSY

9.      In or around April 2008, Spanish counsel for Luzzatto and Israeli companies, Newval-Tech Knowledge Services and Investments Ltd. ("Newval") and Yozmot, notified HTC's customer, Vodafone, by electronic mail that Vodafone's technology infringed the '359 Patent and sought from Vodafone an "economic payment" for the alleged infringement. Counsel for Luzzatto, Newval, and Yozmot stated that Luzzatto, Newval, and Yozmot are the rightholders/licensees of the '359 Patent.

10.     In the April 2008 correspondence between Vodafone and counsel for Luzzatto, Newval, and Yozmot, counsel stated that 10 companies have recognized the validity of the '359 Patent and have paid a lump sum for using the technology of the '359 Patent. Counsel further stated that some of the agreements with these companies "were achieved before filing a lawsuit and some, afterwards."

11.     In or around July 2008, Israeli counsel for Luzzatto, Newval, and Yozmot notified Vodafone by letter that at least the following Vodafone-branded devices infringe the '359 Patent: Vodafone 720, Vodafone 710, Vodafone 1415, Vodafone 1520, VPA Compact V, and VPA Touch (the "Accused Devices").

12.     Counsel further indicated that four other companies had already been sued for infringing the '359 Patent or related foreign patents, and that Luzzatto, Newval, and Yozmot were "getting ready to file additional law suits worldwide."

13.     Counsel further indicated that U.S. counsel had been retained to prosecute infringement of the '359 Patent in the United States and that Vodafone will be contacted directly by U.S. counsel further concerning Vodafone's alleged infringement of the '359 Patent.

14.     Counsel further stated that should Vodafone "choose not to conduct negotiations in an attempt to reach a settlement [concerning the alleged infringement], [Luzzatto, Newval, and Yozmot] will not hesitate in initiating legal proceedings available to them, to defend their rights, and additional warnings will not be sent."

15.     While the Accused Devices are Vodafone-branded, at least the Vodafone 1415, VPA Compact V, and the VPA Touch were designed, manufactured, and sold to Vodafone by HTC.

16.     HTC makes, uses, offers to sell, and/or sells the Vodafone 1415, VPA Compact V, and the VPA Touch or functional equivalents thereof in the United States.

17.     Thus, a justiciable case or controversy exists concerning whether HTC has infringed and/or is infringing the '359 Patent. Under the totality of the circumstances, HTC and Defendants have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. In addition, Defendants' conduct has created a reasonable apprehension of suit on the part of HTC and Defendants have alleged that present activities by HTC constitute infringement of the '359 Patent.

## FIRST CAUSE OF ACTION

### Declaration of Invalidity

18.     HTC realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-17 above.

19.   Each and every claim of the '359 Patent is invalid because the claimed invention does not satisfy the requirements for patentability under the Patent Laws of the United States, including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103, 112.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, HTC Corporation and HTC America, Inc., pray for the following relief:

A.   A declaratory judgment that U.S. Patent No. 6,449,359 is invalid;

B.   That HTC be awarded reasonable attorney fees under 35 U.S.C. § 285; and

C.   That HTC be granted other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.


Dated:  April 27, 2009

/s/  *Clark S. Stone*
Jeffrey A. Wolfson (DC Bar No. 451084)
Haynes and Boone, LLP
1615 L Street, NW, Suite 800
Washington, DC 20036
Phone: (202) 654-4565
Facsimile: (202) 654-4268

Clark S. Stone (admitted *pro hac vice*)
Jason M. Gonder (admitted *pro hac vice*)
Haynes and Boone, LLP
2033 Gateway Place, Suite 400
San Jose, California 95110
Phone:  (408) 392-9250
Facsimile: (408) 392-9262

Attorneys for Plaintiffs,
HTC Corporation and HTC America, Inc.